**Jeremiah Rico DAVIDSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civil Action No. 96–1476. (Criminal No. 94–219).

United States District Court, W.D. Pennsylvania.

Dec. 3, 1996.

---

Michael L. Rosenfield, Pittsburgh, PA, Michael J. Novara, Federal Public Defender's Office, Pittsburgh, PA, Carl Max Janavitz, Pittsburgh, PA, Sanford A. Middleman, Middleman & Middleman, Pittsburgh, PA, for Jeremiah Rico Davidson.

Almon S. Burke, Jr., United States Attorney's Office, Pittsburgh, PA, for U.S.

## MEMORANDUM

LANCASTER, District Judge.

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2255. Petitioner, Jeremiah Rico Davidson, challenges his conviction of multiple counts of bank fraud and wire fraud. He alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Specifically, petitioner contends that prior to the jury reaching their verdict, his trial counsel knew of prejudicial juror misconduct; yet, trial counsel failed to bring it to the court's attention. The government resists the petition contending that trial counsel's decision not to advise the court of the alleged misconduct was reasonable trial strategy and, in any event, petitioner was not prejudiced as a result.

Because the court finds that petitioner's trial counsel's representation fell short of the range of reasonable professional assistance, and because petitioner was prejudiced as a result, the court grants the petition.

### I. BACKGROUND

On November 26, 1996, the court conducted an evidentiary hearing on the petition. Based on the credible testimony and exhibits introduced at the hearing, and in accordance with Fed.R.Civ.P. 52, the court makes the following findings of material fact.

On October 4, 1994, petitioner, along with five co-defendants, was indicted by a federal grand jury sitting in the Western District of Pennsylvania and charged with multiple counts of bank fraud and mail fraud. Petitioner's co-defendants entered pleas of guilty, but he entered a plea of not guilty and went to trial on April 10, 1995.

In preliminary jury instructions and on each day of the trial, the court instructed the jury on several matters: they were to presume that petitioner was innocent; they were not to discuss the case among themselves; and they were to keep an open mind throughout the trial until all the evidence was introduced, they had heard the arguments of counsel, and they had been instructed on the applicable law. After six days of testimony, the jury heard the arguments of

counsel, were instructed on the applicable law, and were released to begin their deliberations.

Immediately thereafter, the two alternate jurors were dismissed. Before leaving the courtroom, however, one of the alternate jurors spoke with petitioner's trial counsel. The alternate juror told trial counsel that on the second day of the trial, the jury held informal deliberations and eleven of the twelve jurors voted to find petitioner guilty. Additionally, the alternate juror told petitioner's trial counsel that the next day the jurors again deliberated, took a second vote, and all twelve jurors agreed to find petitioner guilty.

Trial counsel did not advise the Assistant United States Attorney of this conversation, nor did he bring it to the attention of the court. While awaiting the jury to announce their verdict, however, trial counsel advised petitioner of his conversation with the alternate juror. Petitioner immediately asked trial counsel to advise the court of the conversation, but trial counsel refused to do so. The jury reached their verdict and found petitioner guilty on all charges. The jurors were then dismissed without being questioned regarding the truth of the alternate juror's allegations and, if true, the impact of the conduct on the jury's impartiality.

Trial counsel testified at the evidentiary hearing that he failed to timely bring this information to the attention of either the Assistant United States Attorney or to the court because, in his opinion, the conduct of the jury did not constitute juror misconduct. Trial counsel testified that in his experience with criminal jury trials, jurors routinely engage in premature deliberations about a case. According to trial counsel, premature jury deliberation is a "commonplace" practice and, as such, did not constitute prejudicial juror misconduct that warranted judicial intervention.

Trial counsel first advised the court of his conversation with the alternate juror on May 4, 1995, in an affidavit in support of a motion for a new trial. In that motion, he argued, among other things, that the jury's premature deliberations and votes denied petitioner a right to a fair trial by an impartial jury. The court entered a memorandum and order denying the motion for the reasons stated therein. *United States v. Davidson*, Criminal No. 94–0219 (W.D.Pa. June 8, 1995). The Court of Appeals for the Third Circuit affirmed. Petitioner then filed this action.

## II. *DISCUSSION*

■ The court reviews claims of ineffective assistance of counsel under the two-prong standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 2064–65. Second, petitioner must affirmatively plead and show the resulting prejudice. *Hill v. Lockhart*, 474 U.S. 52, 57–60, 106 S.Ct. 366, 369–71, 88 L.Ed.2d 203 (1985). The court will address each of these elements in turn.

### A. *Ineffective Assistance of Counsel*

Petitioner contends that trial counsel was ineffective for failing to advise the court of the alleged juror misconduct prior to the jury verdict. Petitioner further contends that if trial counsel had so advised the court, the court could have conducted a *voir dire* of the jury to determine if the allegations of jury misconduct were true, whether the alleged misconduct affected the jury's impartiality, and, if so, declare a mistrial.

■ The government does not seriously contest that had the jury engaged in premature deliberations, as alleged by petitioner, that conduct would constitute juror misconduct sufficient to warrant declaring a mistrial. In any event, such an argument would be clearly meritless. *See United States v. Resko*, 3 F.3d 684, 688–89 (3d Cir.1993). Moreover, it is equally clear that when trial counsel is aware of juror misconduct, yet fails to advise the court or request the court to *voir dire* the jury for possible prejudice, this failure can, under certain circumstances, constitute ineffective assistance of counsel. *Government of the Virgin Islands v. Weatherwax*, 20 F.3d 572 (3d Cir.1994).

The government seemingly contends, however, that trial counsel's failure to bring this matter to the court's attention did not consti-

tute ineffective assistance of counsel because trial counsel's failure resulted from a reasonable trial strategy. Specifically, the government argues that trial counsel did not raise the alleged juror misconduct with the court because the possibility existed that if the court questioned the jurors regarding this matter, they might become offended and hold this against the petitioner in their deliberations. The government's argument is meritless for two distinct reasons.

■ First, the credible testimony at the evidentiary hearing established that trial counsel failed to bring this information to the court's attention, not because of any fear he had that a judicial inquiry might turn the jury against petitioner, but rather, because, in trial counsel's opinion, the jury's premature deliberations and votes did not constitute misconduct. Indeed, trial counsel candidly testified that in his experience such conduct on the part of jurors is "commonplace," and for that reason he did not bring it to the court's attention. Thus, the government's argument that trial counsel made a conscious strategic decision calculated to advance his client's interest is not supported by the credible evidence.

■ However, even assuming that the court could conceivably find some strategic motive underlying trial counsel's decision not to bring this matter to the court's attention, simply finding that a particular decision was strategic, in and of itself, does not answer the dispositive question of whether that decision fell within the "wide range of reasonable professional assistance." *Government of the Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1431–32 (3d Cir.1996).

Reasonable trial strategy must, by definition, be reasonable. In this case, trial counsel had reason to know before the jury had returned their verdict that the jury had already voted twice to convict his client. They did so before the defense had begun, before the jury had heard all the evidence, before the arguments of counsel, before the court's instruction on the law, and in direct defiance of the court's multiple admonitions not to do so. Yet, according to the government's theory, trial counsel failed to timely bring that misconduct to the court's attention because not doing so would strategically advance his client's interest. The court finds that such strategy would be at best, unreasonable, but more accurately, pure sophistry.

In summary, the credible evidence establishes, and the court finds, that petitioner's trial counsel failed to timely advise the court of the alternate juror's revelation, not because of trial strategy considerations, but simply because he was unaware that premature deliberations and votes constituted juror misconduct possibly warranting a mistrial. The court further finds that by failing to so advise the court, trial counsel's representation fell below the range of reasonable professional assistance owed to petitioner.

## B. *Prejudice to the Petitioner*

Petitioner argues that he was prejudiced because, by trial counsel's failure to timely address the court, the court did not have the opportunity to question the jurors to determine whether the alternative juror's allegations were true, and if so, what impact premature deliberations and voting would have on the jury's ability to render an impartial verdict.

The government counters, however, that if trial counsel was ineffective, petitioner suffered no prejudice as a result. Specifically, the government argues that even had trial counsel brought the matter to the court's attention promptly, the court would have been precluded, under Fed.R.Evid. 606(b), from making inquiry of the jury at that time. The government's argument misconstrues the meaning of Rule 606(b).

■ Reduced to its essence, Rule 606(b) precludes post-verdict investigations into alleged juror misconduct that might affect the validity of the verdict. With exceptions not present here, the rule renders a juror incompetent to testify concerning such matters. Thus, at the time petitioner filed his post-verdict motions, the court was precluded from questioning the jurors regarding their alleged misconduct, and the court so ruled. *United States v. Davidson*, Criminal No. 94–0219 (W.D.Pa. June 8, 1995).

■ Rule 606(b), however, by its express terms is applicable only to an inquiry made after the verdict has been reached. Nothing in Rule 606(b) precludes the court *prior to the point of verdict* from questioning jurors about their individual or collective misconduct. Indeed, had the court been advised, prior to the jury reaching their verdict, that there was a possibility that the jury had prematurely discussed the case among themselves and had improperly voted to find petitioner guilty, not only would the court have been authorized to make a thorough inquiry into the jurors' alleged misconduct, but the court's failure to do so could possibly have constituted reversible error. *Resko,* 3 F.3d at 688.

Nor, despite the government's suggestion, does the court of appeals' opinion in this matter support the government's argument. On the contrary, the court of appeals expressly held that "[h]ad Davidson's counsel raised the juror conduct issue with the district court prior to receiving the verdict, the district court would have had the opportunity to make proper inquiry with the jury." *United States v. Davidson,* No. 95–3384, slip op. at 2 (3d Cir. Feb. 28, 1996).

■ The court can think of a no more egregious example of misconduct that undermines the concept of a fair trial than a jury deciding to find a citizen guilty of a crime before hearing all of the evidence and being instructed on the applicable law. Because of trial counsel's failure to advise the court of this possibility, the court was unable to question the jury to determine if such misconduct had occurred in this case. The prejudice to petitioner is obvious and substantial.

## IV. *CONCLUSION*

For the above stated reasons, the court grants the petition. The appropriate order follows.

### *ORDER*

AND NOW, this _____ day of December, 1996, upon consideration of the petition for writ of habeas corpus, IT IS HEREBY ORDERED that the petition is conditionally GRANTED, and petitioner is to be released from federal custody unless he is retried within seventy days from the date of this order.